UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| LEON FITZGERALD HENRY, ) | CASE NO. 4:05 CV 694 |
| ) | |
| Plaintiff, ) | JUDGE PETER C. ECONOMUS |
| ) | |
| v. ) | |
| ) | MEMORANDUM OF OPINION |
| LIEUTENANT MONTGOMERY, et al., ) | AND ORDER |
| ) | |
| Defendants. ) | |

On March 9, 2005, pro se plaintiff Leon Fitzgerald Henry filed the above captioned Bivens[1] action against Elkton Federal Correctional Institution ("FCI-Elkton") Lieutenant Montgomery, Lieutenant Harris, and Warden T.R. Sniezek. Mr. Henry alleges he was placed into the segregation unit without due process, and was denied access to the courts. He seeks injunctive relief and monetary damages.

**Background**

Mr. Henry was charged with violating prison rules and was placed in the segregation unit

---

[1] Bivens v. Six Unknown Agents, 403 U.S. 383 (1971).

of FCI-Elkton on February 7, 2005. He contends that Bureau of Prisons regulations require that he be issued a copy of the incident report and be given a hearing within 3 days after receiving the official notice of the infraction. He claims that Lieutenants Montgomery and Harris caused undue delay in his disciplinary proceedings by sending the report back for a "rewrite." (Compl. at 2.) He states that he was not properly served with a copy of the rewritten report and was not given timely notice of the disciplinary hearing. Mr. Henry was sentenced to thirty days in segregation. He asserts he was denied due process.

Mr. Henry also claims he is intentionally being held in segregation to limit his access to his legal materials, "self-help" books, and the general population's prison library. He states that he had an appeal of his criminal conviction pending in the Second Circuit and his inability to access legal materials caused him to miss a scheduled deadline.

## Analysis

A prisoner must allege and show that he has exhausted all available administrative remedies before filing a civil rights action in federal court to challenge the conditions of his confinement. 42 U.S.C. §1997e; Wyatt v. Leonard, 193 F.3d 876, 878 (6th Cir. 1999); Brown v. Toombs, 139 F.3d 1102, 1104 (6th Cir. 1988), cert. denied, 525 U.S. 833 (1998). To establish that he exhausted his remedies prior to filing suit, the prisoner must plead his claims with specificity and show that he has exhausted his administrative remedies with respect to each allegation against each defendant by attaching to the complaint a copy of the applicable administrative dispositions or, in the absence of written documentation, describing with specificity the administrative proceedings and their outcomes. Knuckles-El v. Toombs, 215 F.3d 640, 642 (6th Cir. 2000). The prisoner must exhaust each specific claim against each defendant named in the complaint to satisfy the exhaustion requirement. See Curry v. Scott, 249 F.3d 493, 504-05

(6th Cir. 2001). Moreover, the prisoner must specifically grieve allegations of retaliation against the defendants he names in his complaint. Garrison v. Walters, No. 00-1662, 2001 WL 1006271 (6th Cir. Aug. 24, 2001); Curry, 249 F.3d at 504-05. In the absence of such particularized averments concerning exhaustion, the action must be dismissed. Id.

Title 28 of the Code of Federal Regulations sets forth a four-step grievance procedure for administrative remedies for inmates housed in federal prisons. Under this title, an inmate initiates the grievance procedure by requesting an Informal Resolution from the prison official whose area of responsibility is most related to the grievance. 28 C.F.R. § 542.13. If the inmate is dissatisfied with the informal response, or if there has been no response to the complaint, the inmate may file a BP-9 form with the institution staff member designated to receive such requests. 28 C.F.R. § 542.14. If this second step does not provide satisfactory results, the inmate may file an appeal on a BP-10 form to the Regional Director. 28 C.F.R. § 542.15. An inmate who is not satisfied with the Regional Director's response may submit an appeal on the appropriate BP-11 form to the General Counsel. 28 C.F.R. § 542.15. The General Counsel's written response to the inmate's appeal is the final decision on the grievance.

If the inmate reasonably believes the issue he is grieving is sensitive and would place the inmate in danger if his grievance were made known at the institution, the inmate may file a grievance directly with the Regional Director on a BP-10 form. If the Regional Director agrees that the Request is sensitive, the Request shall be accepted. If the Regional Director does not agree with the inmate's assessment of the nature of the grievance, the inmate will be informed of the determination and given the opportunity to pursue the grievance through local channels with a BP-9 form. 28 C.F.R. § 542.14(D)(1).

Mr. Henry has not demonstrated that he exhausted his administrative remedies prior to

3

filing this action in federal court. He states that the defendants are "intentionally frustrating the administrative grievance process to prevent review of their acts." (Compl. at 4.) At the time he filed his complaint, Mr. Henry also filed a Motion for Injunction and Temporary Restraining Order. [ECF # 3]. In the Motion, he states he "exhausted his administrative remedies by requesting grievance forms from his unit team, Ms. Burns; Mr. King; and Farro at least four (4) times between them." (Mot. for Injunction at 2.) He then filed a Financial Application on April 21, 2005 to which he attached copies of grievances. It appears that on March 10, 2005 and again on March 12, 2005, Mr. Henry submitted a BP-9 to Warden Sniezek regarding his continued placement in segregation, and the procedural irregularities in his disciplinary proceeding. The Warden responded to these grievances on April 4, 2005, acknowledging that administrative errors occurred in the processing of the disciplinary charges, and expunging the charges from Mr. Henry's record. He was told that if he was not satisfied with that response he could appeal the decision to the Regional Director within 20 calendar days of the date of the response. Mr. Henry, however, had already filed his complaint in federal court on March 9, 2005. There is no indication in the complaint that Mr. Henry completed the grievance process for this allegation or for any of the other allegations contained in the complaint.

Prisoners are required to exhaust their administrative remedies *prior* to filing suit. 42 U.S.C. § 1997e. They may not exhaust these remedies during the pendency of the action. See Freeman v. Francis, 196 F.3d 641, 643 (6th Cir. 1999). Moreover, they cannot abandon the process before completion and claim that they exhausted their remedies nor can they assume that a grievance would be futile and proceed directly to federal court with their complaints. See Hartsfield v. Vidor, 199 F.3d 305, 309 (6th Cir. 1999). It is clear from the documents submitted by Mr. Henry, that, at the time he filed this

4

complaint, he had administrative remedies available to him which he had not exhausted. He is therefore unable to proceed with this action at this time.

## Conclusion

Accordingly, this action is dismissed without prejudice pursuant to 42 U.S.C. §1997e. The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[2]

IT IS SO ORDERED.

S/Peter C. Economus - 5/25/05
PETER C. ECONOMUS
UNITED STATES DISTRICT JUDGE

---

[2]  28 U.S.C. § 1915(a)(3) provides:

An appeal may not be taken in forma pauperis if the trial court certifies that it is not taken in good faith.